E. E. HUFFMAN *v.* ALBERT RAMEY, ADMINISTRATOR.*

(*Nashville.* December Term, 1927.)

Opinion filed June 16, 1928.

1. PARENT AND CHILD. PRINCIPAL AND SURETY. DEBT. ADVANCEMENT. PRESUMPTION.

Where it appeared that a father as surety on his son's note paid same, preserved the note among his other papers, and there is no proof as to the father's intentions in the matter, the presumption is that the payment was an advancement to the son and not a debt against him. (Post, p. 185.)

Citing: Johnson v. Hoyle, 40 Tenn. (3 Head), 57; Steele et al. v. Frierson et al., 85 Tenn. (1 Pick.), 430.

2. PARENT AND CHILD. DEBT. GIFT. ADVANCEMENT.

The taking of a note by a father from his son is evidence of the father's intention to create a debt; if it had been intended as a gift or advancement, there would be no occasion to take the note. (Post, p. 185.)

Citing and distinguishing: Vaden v. Hance, 38 Tenn. (11 Head), 300; House v. Woodard, 45 Tenn. (5 Cold.), 196; Rains v. Hays, 2 Tenn. Chy., 669; Mann v. Mann, 59 Tenn. (12 Heisk.), 245.

3. APPEALS. COURT OF APPEALS. ASSIGNMENT OF ERROR.

Where the Court of Appeals does not act on a question because it does not deem it properly raised by the assignments of error, and this Court does think the assignments of error are sufficient, the judgment of the Court of Appeals will be reversed. (Post, p. 187.)

FROM MONTGOMERY.

Appeal from the Circuit Court of Montgomery County. —HON. J. D. G. MORTON, Judge.

ROBERT L. McREYNOLDS, for plaintiff in error.

A. B. BROADBENT, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the Administrator of L. C. Huffman against E. C. Huffman. There was a judgment in favor of the Administrator in the Circuit Court and this judgment was affirmed by the Court of Appeals, in part. A petition for *certiorari* was filed by E. C. Huffman, and granted and the case has been argued in this Court.

E. C. Huffman is the son of deceased L. C. Huffman and the latter signed and later paid off a note of the former. While appearing on the face of the note to be a principal, it is agreed that L. C. Huffman was in reality a surety for his son.

The note was paid off by the father about four years before his death. He put it in an iron safe in his store and it was found there among his papers by his Administrator.

The judgment in the Circuit Court was for the full amount of the note. E. C. Huffman however was a minor at the time of the execution of the note and only part of the proceeds of the note was used for necessaries. The Court of Appeals was of opinion that there could be a recovery on this claim only to the extent that the money raised on the note was employed by the minor for necessaries, and thus modified the judgment below.

*(1)* The contention of petitioner in this Court is that the sum expended by the father in payment of this note should be treated as an advancement and not as a debt owed by the son to the father's estate. We think this contention is correct.

There is no proof in the record as to the father's intentions in the matter. Under such circumstances, the presumption is, when a father pays his son's debt, that the payment was intended as an advancement.

The law was so declared in *Johnson* v. *Hoyle,* 3 Head, 57, and this holding was expressly approved in *Steele et al.* v. *Frierson et al.,* 85 Tenn., 430.

It is urged by counsel for the Administrator that these cases are in conflict with *Vaden* v. *Hance,* 1 Head, 300, and *House* v. *Woodard,* 5 Cold., 196. Chancellor COOPER likewise expressed the opinion in *Rains* v. *Hays,* 2 Tenn. Chy., 669, that *Vaden* v. *Hance, supra,* and *Johnson* v. *Hoyle, supra,* were in conflict.

We are not able, however, to see the conflict. This Court has not heretofore regarded these two cases as repugnant to each other. In *Mann* v. *Mann,* 12 Heisk., 245, the Court referred to both cases with approval, and followed the former.

*(2)* In *Vaden* v. *Hance,* the father took notes from his son. The Court thought that if the father had intended a gift or advancement to his son, there would have been no occasion to take notes. The taking of the notes evidenced the father's intentions.

Similar facts appeared in *House* v. *Woodard, supra,* and in *Mann* v. *Mann, supra.*

In *Johnson* v. *Hoyle, supra,* and in the case before us, the father took no notes or any evidence of indebtedness from the son. There was nothing to indicate that the

father intended this sum paid on his son's account to be treated as a debt against the son. We attach no importance to the circumstance that the son's note to the bank, paid off by the father, was preserved in the father's papers. The note may have been preserved as evidence of an advancement.

*(3)* Some other questions are made which we have disposed of orally. The Court of Appeals did not consider the question upon which we base our decision, being of opinion that it was not properly raised by the assignments of error. We think that the assignments of error were sufficient to raise this question and it results that the judgment of the Court of Appeals is reversed, and this suit dismissed.